IN THE UNITED STATES DISTRICT COURT
FOR THE District of Columbia

Justin McNair
3401 Idaho Avenue NW # N430
Washington, DC 20016

1:18-cv-00077

Plaintiff,

vs.

CVS Pharmacy
1 CVS Drive
Woonsocket, Rhode Island 02895

CVS Health
1 CVS Drive
Woonsocket, Rhode Island 02895

CVS
3700 Newark St NW
Washington, DC 20016

DeQaun Adams
5824 East Capital Street NE
Washington, DC 20019

Defendants.

**Jury Trial Demanded**

## Complaint for Assault, Trespass to Chattel, Respondent Superior/Vicarious Liability, False Imprisonment, and Negligent Hiring, Retention, Training and Supervision of Employees.

This is an action to recover damages for assault, trespass to chattel, respondent superior/vicarious liability, false imprisonment, and negligent hiring, retention, training and supervision of employees under *Murphy v. Army Distaff Foundation, Inc.*, 458 A.2d 61, 63 (D.C. 1983); *Enders v. District of Columbia*, 4 A. 3d 457, *Holder v. District of Columbia*, 700 A.2d 738 (D.C. 1997) and any other relevant D.C. Law and/or Federal Law.

Plaintiff shows the Court the following:

## I. Parties

1.  Plaintiff, Justin McNair, is a resident of the District of Columbia for more than one year.

2.  Defendant, CVS Pharmacy, is a corporation, its corporate office is in Woonsocket, Rhode Island. The business of CVS Pharmacy and its subsidiaries and affiliates include the hiring, management, retention, training and overall responsibility for the wellbeing of CVS Stores/CVS Pharmacy Stores.

3.  Defendant, CVS Health, is a corporation, its corporate office is in Woonsocket, Rhode Island. The business of CVS Health and its subsidiaries and affiliates include the hiring, management, retention, training and overall responsibility for the wellbeing of CVS Stores/CVS Pharmacy Stores. CVS Health owns CVS Pharmacy.

4.  Defendant, CVS, (herein "CVS Store") is a retail store, its corporate office is in Woonsocket, Rhode Island. The business of CVS and its subsidiaries and affiliates include and require the hiring, management, retention, training and overall responsibility for the wellbeing of CVS Stores/CVS Pharmacy Stores.

5.  Defendant, DeQuan Adams, is a resident of the District of Columbia for more than one year.

## II. Jurisdiction

6.  This Court has jurisdiction over Defendants because they transacted business in the District of Columbia and the transactions and occurrences took place in the District of Columbia. Defendant's regularly conduct business in the District of Columbia. Plaintiff is a resident of the District of Columbia and tenant located sixty-two feet from the CVS Store.

7. This Court has subject matter jurisdiction over this case because of diversity of jurisdiction, as CVS Pharmacy and CVS Health are from different states than the Plaintiff.

### III. Assault

8. Plaintiff, Justin McNair rents a location at Cathedral Commons, a location that provides both residential and commercial retail space. CVS Store also rents a location in Cathedral Commons. Mr. McNair frequents the CVS Store, which is located at 3700 Newark St NW, with his family for daily necessities and medical prescriptions.

9. DeQaun is an employee at CVS Store and works generally as a cashier/sales associate. Chelsea is an employee at CVS Store and works generally as a the store manager.

10. On October 8, 2017, DeQuan assaulted Mr. McNair by threatening to do bodily harm to him after work causing him to be in imminent apprehension to himself and his daughter's current and continued safety. This is largely due to the lack of internal controls and supervision. Above that of his threatening words to do harm, which included, "I get off at 10 you can meet me outside", he also approached Mr. McNair and used a confrontational tone. Given the location of the CVS Store to Mr. McNair it would be hard to avoid CVS Store and/or its employee who made attempts to harm him.

11. Also, store manager Chelsea admitted wrongdoing, both on her behalf and Dequan's, when she witnessed some of the threats and took no action, but also, acknowledging the role she took in the retention of his money, that held him in the store for more threats. She admitted this directly to Mr. McNair days after the assault.

12. As a direct result of conduct described herein, plaintiff has suffered the injuries and damages described herein.

### IV. Trespass to Chattel/False Imprisonment

13. Plaintiff incorporates all paragraphs in this Complaint as if fully set forth under this section and further alleges:

14. On October 8, 2017, Mr. McNair went to the front counter to pay for a product. DeQuan was the cashier. After giving money to DeQuan for the product, the above mentioned incident occurred. Mr. McNair requested his money back during the above incident, but DeQuan held the money, Mr. McNair gave to him, while communicating his threats and refused to return his money creating an impediment so Mr. McNair could not leave.

15. The money was eventually given to Chelsea, who held on to the money while DeQuan further threatened Mr. McNair in the presence of Chelsea by stating, "I get off at 10 you can meet me outside". By not returning Mr. McNair's money she prevented him from leaving and removing himself from harm.

16. As a direct result of conduct described herein, plaintiff has suffered the injuries and damages described herein.

## V. Vicarious Liability/Respondent Superior

17. Plaintiff incorporates all paragraphs if this Complaint as if fully set forth under this section and further alleges:

18. DeQuan and Chelsea are employees of CVS Pharmacy, CVS Health and CVS Store (herein "CVS Company"), with authority to preform as agents within the CVS Store. Both DeQuan and Chelsea had authority to interact with customers and Chelsea had authority over the training, supervision and retention of employees in the CVS Store. Both where acting in the course and scope of their employment for the incident.

19. Most importantly, this was not the first time DeQuan had threatened a consumer. DeQuan has threatened at least two other consumer on other days. He was allowed to continue

to interact with consumers, even after those incidents.   CVS Management was aware or reasonable should have been aware of DeQuan's past conduct which placed CVS consumers at risk of bodily and other harm.

20. Both where at least in part acting in CVS Company's interest, when DeQuan threatened Mr. McNair over a stocking issue and Chelsea admitted liability over the situation in an attempt to resolve the problem days later.   While, one might reasonable believe that a CVS Company employee that threatened and assaults consumers is not in furtherance of CVS Company's business, because CVS Company was aware of what DeQuan was doing, allowed him to continue doing it and after two occasions knew he was doing it and kept him interacting with consumer, it is clear that CVS, at least in this CVS Store condones and may even support this activity.   Just because a company does not want the results does not mean it did not want the actions that caused the results.   Nor does it mean it has taken reasonable measures to prevent the results perpetuated and performed by its employees.

21. It is clear from CVS Company's actions that it wanted its employees, at least at that store, to stick up for its stocking practices, the same way a company may want a store to stick up for its return policies or security practices.   DeQuan was sticking up for CVS' stocking procedures in an aggressive manner, a manner that CVS Company was aware of, reasonable should have been aware of and CVS continued to allow the interaction.

22. Even months after the incident CVS continued to employee DeQuan.

23. By using his position of authority, trust and power, on behalf of CVS Company as conferred by CVS Company, DeQaun and Chelsea committed the tortuous conduct of assault, threats and unlawful detainer.

24. DeQuan's torturous actions where foreseeable as they have happened on more than one occasion.

25. As a direct result of conduct described herein, plaintiff has suffered the injuries and damages described herein.

### VI. Negligent Hiring of Employees

26. Plaintiff incorporates all paragraphs if this Complaint as if fully set forth under this section and further alleges:

27. At all times, DeQuan was under the direction, supervision and control of Chelsea and CVS Company and were otherwise their agents.

28. At all times, DeQuan and Chelsea were under the direction, supervision and control of CVS Company and were otherwise their agents.

29. By establishing staffing, and/or operating the CVS Store; encouraging people to frequent the CVS Store, accepting Mr. McNair into the store to shop and holding CVS out as a safe location for families to shop; Defendants entered into an express and/or implied duty to provide a reasonably safe environment for consumers, especially from their employees.

30. Defendant, further assumed this duty by holding CVS Store out to the public, including Plaintiff, as a competent and trustworthy retailer, supervisor, employee and Company.

31. CVS Company negligently hired DeQuan when CVS Company knew or should have known DeQuan was a danger to its consumers. CVS Company negligently hired Chelsea when CVS Company knew or should have known Chelsea was unable to supervise or manage the CVS.

32. CVS Company knew or should have known that employees interact with consumers and that employees could and would assault consumers. Particularly based on the pattern of aggressive threatening behavior displayed inside CVS Store by DeQuan with other customers during his employment.

33. It was foreseeable to CVS Company that in hiring DeQuan and Chelsea, that DeQuan would assault its consumers including Mr. McNair and that Chelsea was not able to supervise him safely.

34. As a direct result of conduct described herein, CVS Company's negligence caused plaintiff to suffer the injuries and damages described herein.

## VII. Negligent Retention of Employees

35. Plaintiff incorporates all paragraphs if this Complaint as if fully set forth under this section and further alleges:

36. By establishing staffing, and/or operating the CVS Store; encouraging people to frequent the CVS Store, accepting Mr. McNair into the store to shop and holding CVS out as a safe location for families to shop; Defendants entered into an express and/or implied duty to provide a reasonably safe environment for consumers, especially from their employees.

37. Defendant, further assumed this duty by holding CVS Store out to the public, including Plaintiff, as a competent and trustworthy retailer, supervisor, employee and Company.

38. CVS Company negligently retained DeQuan when CVS Company knew or should have known DeQuan was a danger to its consumers. CVS Company negligently retained Chelsea when CVS Company knew or should have known Chelsea was unable to supervise or manage the CVS.

39. CVS Company knew or should have known that employees interact with consumers and that employees could and would assault consumers.

40. It was foreseeable to CVS Company that in retaining DeQuan and Chelsea, especially since DeQuan had threatened consumers at least twice in the past, that DeQuan would assault its consumer including Mr. McNair and that Chelsea was not able to supervise him safely.  Further, DeQuan should have been terminated after the first assault.

41. As a direct result of conduct described herein, CVS Company's negligence caused plaintiff to suffer the injuries and damages described herein.

### VIII. Negligent Training of Employees

42. Plaintiff incorporates all paragraphs if this Complaint as if fully set forth under this section and further alleges:

43. By establishing staffing, and/or operating the CVS Store; encouraging people to frequent the CVS Store and accepting Mr. McNair into the store to shop; and holding CVS out as a safe location for families to shop, Defendants entered into an express and/or implied duty to provide a reasonable safe environment for consumers, especially from their employees.

44. Defendant, further assumed this duty by holding CVS Store out to the public, including Plaintiff, as a competent and trustworthy retailer, supervisor, employee and Company.

45. CVS Company negligently trained and/or failed to train DeQuan when CVS Company knew or should have known DeQuan was a danger to its consumers.  CVS Company negligently trained and/or failed to train Chelsea when CVS Company knew or should have known Chelsea was unable to supervise or manage the CVS.

46. CVS Company knew or should have known that employees interact with consumers and that employees could and would assault consumers.

47. It was foreseeable to CVS Company that in training and/or failing to train DeQuan and Chelsea, especially since DeQuan had threaten consumers at least twice in the past, that DeQuan would assault its consumers including Mr. McNair and that Chelsea was not able to supervise him safely. Further, DeQuan should have been terminated after the first assault.

48. As a direct result of conduct described herein, CVS Company's negligence caused plaintiff to suffer the injuries and damages described herein.

IX. Negligent Supervision of Employees

49. Plaintiff incorporates all paragraphs if this Complaint as if fully set forth under this section and further alleges:

50. By establishing staffing, and/or operating the CVS Store; encouraging people to frequent the CVS Store, accepting Mr. McNair into the store to shop and holding CVS out as a safe location for families to shop; Defendants entered into an express and/or implied duty to provide a reasonable safe environment for consumers, especially from their employees.

51. Defendant, further assumed this duty by holding CVS Store out to the public, including Plaintiff, as a competent and trustworthy retailer, supervisor, employee and Company.

52. CVS Company negligently supervised DeQuan when CVS Company knew or should have known DeQuan was a danger to its consumers. CVS Company negligently supervised Chelsea when CVS Company knew or should have known CHelsea was unable to supervise or manage the CVS.

53. CVS Company knew or should have known that employees interact with consumers and that employees could and would assault consumers.

54. It was foreseeable to CVS Company that the supervision of DeQuan and Chelsea was lacking; that DeQuan would assault its consumers including Mr. McNair and Chelsea was not able to supervise him safely, especially since DeQuan had threaten consumers at least twice in the past.  Further, DeQuan should have been terminated after the first assault.  Chelsea should have also taken some actions to protect Mr. McNair from DeQuan.

55. As a direct result of conduct described herein, CVS Company's negligence caused plaintiff to suffer the injuries and damages described herein.

## PRAYER

Plaintiff prays for the following relief:

1. Judgment against Defendants, solely and severally for irreparable damages on the Plaintiff in an amount as the Court may determine between $1,000,000 and $10,000,000;

2. Compensatory damages, in an amount to be determined at trial;

3. Reasonable attorney's fees and cost; and

4. Any and all further relief as the Court may deem just, proper and equitable.

Respectfully Submitted,

Robert Maxwell, Esq.
6323 Georgia Ave NW # 55973
Washington, DC 20040
robert.maxwell@solutionslawfirm.org
(202) 709-9326
(202) 706-6059 (Fax)

I, Justin McNair, solemnly swear and affirm under criminal penalties for the making of a false statement that I have read the foregoing Complaint and that the factual statements made in it are true to the best of my personal knowledge, information and belief.

Justin McNair,

1/5/17
Date